**[Cite as *State v. Watts*, 2020-Ohio-1408.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-56 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-775 |
| | : | |
| CASSANDRA WATTS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of April, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

JOE CLOUD, Atty. Reg. No. 0040301, 3973 Dayton-Xenia Road, Beavercreek, Ohio 45432
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Casandra Watts, appeals from a judgment of conviction for felonious assault. On October 21, 2019, Watt's assigned counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating there were no issues with arguable merit to present on appeal. Counsel raised no potential assignments of error.

{¶ 2} On December 19, 2019, we notified Watts that her counsel found no meritorious claims for review and granted her 60 days to file a pro se brief assigning any errors. However, she did not file a pro se brief. We also filed an order on December 27, 2019, requiring the trial court to file the presentence investigation ("PSI") report, the victim impact statement, if any, and any other documents the trial court reviewed in sentencing. The trial court complied with our order on January 7, 2020, by notifying this court that no presentence investigation exists.

{¶ 3} After reviewing the entire record and conducting our independent *Anders* review, we find no issues with arguable merit for Watts to advance on appeal. Accordingly, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

{¶ 4} On November 26, 2018, the Clark County grand jury indicted Watts with one count of felonious assault in violation of R.C. 2903.11 (A)(1), a felony of the second degree.

{¶ 5} Watts was tried by a jury on June 24-25, 2019. The jury found her guilty as charged.

{¶ 6} Watts was well represented by very experienced and highly competent trial

counsel. The evidence against Watts included a video of the assault and testimony of an eyewitness called by the State. In defense, Watts called Diamond McNeil, her accomplice and co-defendant, to testify. Also, Watts testified on her own behalf. The case was well tried by the attorneys representing both sides.

{¶ 7} Watts assaulted the victim at a Speedway gas station in Springfield, Clark County, Ohio. Social media videos depicted Watts and co-defendant Diamond McNeil attacking the victim. The videos showed them punching and kicking the victim multiple times on the head and body while she was standing and also on the ground. State's Ex. 8. The Speedway surveillance video showed Watts throwing the victim to the ground and continuing to punch her. State's Ex. 9. The victim was hospitalized in an intensive care unit for three days, sedated and on a ventilator. She suffered a broken jaw and one eye was bruised and swollen shut. The bruising took several months to heal. There was testimony offered by the State that afterward, Watt's was bragging about her part in the attack on social media. Tr. 182-183. The victim had no memory of the attack.

{¶ 8} Watt's primary defense was that she was defending her friend, McNeil, and that during an interlude in the fight, the victim spit on her.

{¶ 9} The trial court gave the jury an instruction for aggravated assault as a lesser included offense and self-defense. The self-defense instruction required the State to prove the lack of self-defense beyond a reasonable doubt.

{¶ 10} The Court scheduled disposition for June 28, 2019. At the hearing, Watts filed a motion for acquittal under Crim.R. 29. The Court continued disposition to July 11, 2019 to allow the parties an opportunity to file memoranda. Both sides filed a memorandum. The Court heard oral arguments and denied the Crim.R. 29 motion.

{¶ 11} The Court then proceeded to the sentencing hearing. The Court sentenced Watts to a two-year prison term and awarded jail time credit. On August 11, 2019, Watts filed a pro se motion for judicial release. The Court overruled the motion on August 20.

{¶ 12} Thereafter, Watts filed a timely notice of appeal.

## II. Discussion and Conclusion

{¶ 13} In an *Anders* review, we are required to decide, "after a full examination of all the proceedings," whether an appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. *See also Penson v. Ohio*, 488 U.S. 75, 84-85, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Issues are not frivolous simply because the State "can be expected to present a strong argument in reply." *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Instead, an issue will lack arguable merit "if on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*

{¶ 14} After conducting an independent review of the record pursuant to *Anders*, we agree with Watt's appellate counsel that, based on the facts and relevant law, there are no issues with arguable merit to present on appeal.

{¶ 15} Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

John M. Lintz
Joe Cloud
Cassandra Watts
Hon. Douglas M. Rastatter